IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FERNANDO RAMIREZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19 C 4901 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| BRADLEY KURTZWEIL, SEAN TALBOT, and AARON GIESER, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Fernando Ramirez has brought a six count amended complaint against Bolingbrook, Illinois police officers Bradley Kurtzweil, Sgt. Sean Talbot, and Aaron Geiser, alleging that defendants unconstitutionally seized, searched, and arrested him following a traffic stop on April 16, 2016. Counts I and II allege unreasonable seizure and false arrest against all defendants. Count III alleges unreasonable search against Kurtzweil. Counts IV-VI allege supervisory liability against Talbot for unreasonable seizure, false arrest, and unreasonable search. Defendants have moved under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, arguing that all claims are barred by the applicable two-year statute of limitations. In addition, defendants argue that even if not time barred, plaintiff's claims for false arrest or unlawful pretrial detention fail because defendants had probable cause to arrest and charge plaintiff for unlawful possession of a a weapon by a felon, regardless of the propriety of the initial traffic stop. For the reasons described below, defendants' motion is granted.

## BACKGROUND[1]

---

[1] The background facts are taken from plaintiff's amended complaint.

On April 16, 2016, plaintiff was a passenger in a Honda Accord along with three other occupants. They went through a drive-thru window at a Wendy's restaurant in Bolingbrook. As the vehicle left the restaurant Officer Kurtzweil followed it and eventually activated his emergency lights. The driver of the Accord pulled over to the side of the road. At that point Kurtzweil was joined by Officer Gieser and Sgt. Talon. Kurtzweil removed the occupants from the car and searched them. Not finding any contraband or weapons, Kurtzweil instructed plaintiff to sit on the curb while defendants searched the Accord. Defendants found a firearm, and plaintiff was subsequently charged with unlawful possession of a firearm by a felon. He was indicted on May, 5, 2016.

In the state court criminal proceeding, plaintiff moved to suppress the evidence found during the traffic stop, and a co-defendant moved to quash his arrest. At the hearing on the motion Kurtzweil claimed that he stopped the Accord because it was missing a front license plate, the driver had committed a lane violation, and one of the occupants resembled a person subject to an arrest warrant. On January 17, 2017, the state court granted both motions, holding that the vehicle stop was not justified by a reasonable suspicion that a crime had occurred or was about to occur, the stop was unlawfully prolonged, and plaintiff was subject to an unlawful detention. Plaintiff was released from custody on April 28, 2017.

The State of Illinois appealed, and the Illinois Appellate Court held that the stop was not justified by a lane usage violation or an arrest warrant, but remanded for the Circuit Court to clarify its finding on whether Kurtzweil's testimony that there was no front license plate was credible. People v. Ramirez, 2017 WL 5714107 at ¶ (Nov. 27, 2017). After the Circuit Court found that Kurtzweil's testimony was not credible, on March 28, 2018, the Appellate Court

2

issued a supplemental ruling affirming the judgment of the Circuit Court granting the motions to quash arrest and suppress evidence.

## DISCUSSION

Defendants first argue that the complaint should be dismissed because all of plaintiff's claims are time barred. "Although the statute of limitations is an affirmative defense, dismissal under [Fed. R. Civ. P. 12(b)(6)] is appropriate if the complaint contains everything necessary to establish that the claim is untimely." Collins v. Vill. of Palatine, Illinois, 875 F.3d 839, 842 (7th Cir. 2017). The court may also consider public documents of which it may take judicial notice. Thus, the court may consider the state court record when ruling on the instant motion. Id.

All of plaintiff's claims are brought under 42 U.S.C. § 1983. The parties agree that the statute of limitations for § 1983 claims is governed by Illinois law, and that the applicable statutory period is two years. They also agree that federal law determines the appropriate accrual date. Wallace v. Kato, 549 U.S. 384, 388 (2007). They disagree as to that date. Defendants assert that plaintiff's claims accrued on the date of his arrest, April 16, 2016, or, at the latest, on April 28, 2017, when he was released from custody. Because plaintiff filed his original complaint on July 19, 2019, if defendants are correct, the claims are time-barred. Plaintiff, on the other hand, argues that his claims accrued on March 28, 2018, when the appellate court issued its supplemental order affirming the Circuit Court's suppression order.

Under federal law, a cause of action accrues "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief. Amin ljbara Equity Corp. v. Village of Oak Lawn, 860 F.3d 489, 493 (7th Cir. 2017) (quoting Wallace, 549 U.S. at 388). All that is required to start the statute of limitations clock is knowledge of the

3

injury and that the defendant may have caused the injury. Liberty v. City of Chicago, 860 F.3d 1017, 1019 (7th Cir. 2017). Put simply, "a claim accrues as soon as a person knows both the fact and the cause of an injury." Moore v. Burge, 771 F.3d 444, 447 (7th Cir. 2014). And, the cause of action accrues "even though the full extent of the injury is not then known or predictable." Amin ljbara, 860 F.3d at 493.

For purposes of the Fourth Amendment, the general rule is that a "claim accrues at the time of the search or seizure." Neita v. City of Chicago, 830 F.3d 494, 498 (7th Cir. 2016). "A claim asserting that a search or seizure violated the fourth amendment . . . accrues immediately." Evans v. Poskon, 603 F.3d 362, 363 (7th Cir. 2010) (citing Wallace, 549 U.S. at 392-92).

Application of this straightforward rule indicates that plaintiff's claims accrued on April 16, 2016, the date of the incident. That would mean the claims are time-barred. To avoid this obvious conclusion, plaintiff argues for the application of the federal discovery rule, which postpones the beginning of the limitations period from the date on which the plaintiff is wronged to the date when he discovers he has been wronged. Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450 (7th Cir. 1990). Applying this rule, plaintiff argues that he did not know he was wronged until March 28, 2018, when the Illinois Appellate Court issued its final ruling.

The district courts in the Seventh Circuit are split on whether the discovery rule applies to accrual of § 1983 claims. See Perkinson v. Illinois State Police, 2016 WL 1321197 at *7 (C.D. Ill. April5, 2016) (and cases cited therein). This court is inclined to agree with the reasoning of Judge Dow in Thomas v. City of Chicago, 2009 WL 1444439 at*3 (N.D. Ill. May 21, 2009), holding that the rule does not apply. Even if it does, however, it does not help plaintiff because he had all of the information he would need to bring his suit at the latest on April 28, 2107, when

he was released from custody after the Circuit Court granted his motion to suppress on January 17, 2017. Because he filed the instant suit on July 19, 2019, the claims are time-barred even if the discovery rule applies.

As a last resort plaintiff argues that the claims were equitably tolled until March 28, 2018. The court applies Illinois' tolling rules to § 1983 actions. Behavioral Institute of Ind., LLc v. Hobart City of Common Council, 406 F.3d 926, 932 (7th Cir. 2006). Under Illinois law, equitable tolling applies if:1) defendant actively misled plaintiff; 2) extraordinary circumstances prevented plaintiff from asserting his rights; or 3) plaintiff timely, but mistakenly asserted his rights in the wrong forum. None of these situations apply to plaintiff. Defendants did not actively mislead plaintiff, and nothing prevented plaintiff from timely filing suit, especially after he was released from detention. As noted above, he had all the information he needed to bring this action by April 28, 2017, at the latest. Nothing prevented him from doing so. Consequently, the court concludes that all of plaintiff's claims are time-barred and defendants' motion to dismiss is granted.

## CONCLUSION

For the reasons described above, defendants' motion to dismiss [Doc. 47] is granted with prejudice.[2]

**ENTER:**

_____
**Robert W. Gettleman**
**United States District Judge**

**DATE: March 11, 2021**

---

[2] The court appreciates the excellent advocacy on plaintiff's behalf by recruited counsel Andrew B. Bloomer and Zoe Brumfield-Meyers of Kirkland & Ellis LLP.